FRANK JANOS, PROSECUTOR, v. STATE OF NEW JERSEY, BY EDWARD BELLI, RESPONDENT.

Submitted January 18, 1938—Decided April 12, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Ranzenhofer & Ranzenhofer.*

For the respondent, *Joseph J. Weinberger.*

BODINE, J. The prosecutor of this writ was convicted in the Police Court of the city of Passaic of a violation of subdivision 3, section 14 of the Motor Vehicle act approved April 8th, 1921, as amended, and sentenced to be imprisoned for a term of three months in the county jail. His right thereafter to operate a motor vehicle over the highways of this state was forfeited.

Prosecutor argues that the complaint was defective in that it did not charge the violation of any existing law.

The last amendment of subdivision 3, section 14 of the Motor Vehicle act approved April 8th, 1921 (*Pamph. L.,* p. 664), is to be found in chapter 171 of *Pamph. L.* 1931, *p.* 368. This provision has been re-enacted in *Rev. Stat.* 39:4-50. The complaint was obviously sufficient to charge a violation of this law, and whether intervening amendments to the section were or were not appropriate for the purpose is entirely immaterial, since long before the commission of the crime there was a valid enactment covering the offense charged. The legislature having in 1931 exercised its power in accordance with the provision of the state constitution, the court cannot nullify its act no matter whether prior legislatures in dealing with amendments of the original act had properly acted or not.

The complaint was sufficient in that it charged an offense under the statute. *State* v. *Rowe,* 116 *N. J. L.* 48. The defendant was very clearly informed of the charge against him and the statute which he had violated. It was not necessary that that statute, and the amendments thereof, should be embodied in the complaint.

The judgment of conviction found the defendant guilty as charged. The requirements of the law are no greater.

The enactment in question is similar in design to statutes enacted in the earliest times in this and other jurisdictions. See cases collected in *District of Columbia* v. *Clawans,* 300 *U. S.* 617. And our own motor vehicles statutes dealing with operators of motor vehicles under the influence of liquor are summarized at the foot of page 628.

The writ will be dismissed, with costs.