ROY E. DIAMENT, PROSECUTOR, v. D. J. NOVARIA, RE-
CORDER OF THE TOWNSHIP OF LANDIS IN THE
COUNTY OF CUMBERLAND, RESPONDENT.

Argued April 11, 1938—Decided May 31, 1938.

Before Justice PORTER, sitting alone pursuant to the
statute.

For the prosecutor, *Stanger & Howell.*

For the respondent, *John O. Milstead.*

PORTER, J.   Two complaints were made against the prose-
cutor of this writ: one, under date of January 25th, 1938,
charging him with driving a motor vehicle while intoxicated
in violation of subdivision 3 of section 14 of the Motor Vehicle
act, and two, under date of January 27th, 1938, with driving
a motor vehicle in a reckless manner in violation of paragraph
1 of article 9 of the Traffic act, chapter 281, *Pamph. L.* 1928.
Both offenses were alleged in the complaints to have been
committed at the intersection of Main and Landis avenues
in the township of Landis in Cumberland county on January
17th, 1938.

On January 18th, 1938, the prosecutor gave bond for his
appearance before the respondent on January 26th, 1938, to

answer such matters as should then and there be objected against him. Warrants were issued in the language of the complaints, but not served. The hearing on the complaints was held on February 14th, 1938. At the hearing the prosecutor entered a special appearance and moved for the dismissal of the complaints and the setting aside of the warrants on the grounds that there were no statutes in existence such as were referred to and cited in the complaints, the same having been repealed by the Revised Statutes on December 20th, 1937, and furthermore, that the warrants had not, in fact, been served. Decision on the motion was reserved and the respondent proceeded with the hearing in which the prosecutor took no part. On February 28th, 1938, the respondent denied the motion for the dismissal of the complaints and convicted the prosecutor of the offenses charged against him. Sentence was imposed on each charge consisting of fines and the revocation of his driver's license for a period of two years.

The questions raised by the prosecutor are whether or not the respondent had jurisdiction because the warrants were not served, and also, because the complaints charged violations of the provisions of the Motor Vehicle act and the Traffic act rather than the proper section of the Revised Statutes. The fact that the complaints referred to the Motor Vehicle and Traffic acts rather than the Revised Statutes cannot vitiate the complaint unless the effect of such erroneous citation be to mislead or fail to fully and clearly inform the accused of the charge he had to meet. It is not necessary that the statute alleged to be violated be specifically mentioned in the complaint. 16 *Corp. Jur.* 353; *Jamieson* v. *Martin,* 99 *N. J. L.* 508. However, as was pointed out by Mr. Justice Heher (*Kluczek* v. *State,* 115 *Id.* 105 (at *p.* 109)), the accused has a right to be informed of the nature of the accusation against him, and if reference to a statute is made, he must not be misled by any erroneous statement concerning it.

It does not seem that there could have been any misleading of the prosecutor in the instant case. The law denounces reckless driving of an automobile or driving the same while intoxicated. The complaints set forth those charges. He

was fully and clearly informed of what he was accused. The complaints, therefore, were not invalid. See, also, the recent case of *Janos* v. *State,* 120 *N. J. L.* 135; 198 *Atl. Rep.* 382.

The necessity of the service of the warrants was rendered immaterial because the respondent acquired jurisdiction of the person of the prosecutor when the latter gave bail for his appearance without then objecting to the jurisdiction. *State* v. *Baker,* 102 *N. J. L.* 349.

The writ will be dismissed, with costs.